UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CURLIN PENNICK III,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BARRY DEHAVEN,<br><br>　　　　　　Defendant. | CASE NO. 3:18-cv-05434-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 26, 2018 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court is Defendant's Motion for Summary Judgment, Dkt. 12, and Plaintiff's Motion for Preliminary Injunction, Dkt. 17.

**I.　　Background**

Plaintiff originally filed his Complaint on March 31, 2018. Dkt. 1. He claims Defendant has violated his First Amendment rights by serving non-kosher eggs with Plaintiff's kosher diet. Dkt. 6. Plaintiff filed an Answer, Dkt. 10, and a Motion for Summary Judgment, arguing Plaintiff was not provided non-kosher eggs and, if he was, it did not amount to a constitutional

violation. Dkt. 12. Plaintiff subsequently filed a Motion for Preliminary Injunction, asking the Court to order Defendant to cease providing him non-kosher eggs. Dkt. 17.

The Court has granted Plaintiff leave to file an Amended Complaint and the Amended Complaint has been docketed. Dkts. 30, 31. Plaintiff's Amended Complaint still seeks injunctive relief to stop serving him non-kosher eggs with kosher meals. Dkt. 31.

**II.     Discussion**

A.  Motion for Preliminary Injunction

Plaintiff requests the Court enjoin Defendant from serving Plaintiff non-kosher eggs. Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of

the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Plaintiff has not shown he will suffer irreparable harm in the absence of preliminary relief, and therefore has not met the second prong of either test. "In the context of preliminary injunctive relief, irreparable harm is established when a plaintiff is unlikely to be made whole by an award of monetary damages or some other legal remedy at a later date, in the ordinary course of litigation." *Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) (citing *California Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851–52 (9th Cir.2009)).

Here, Plaintiff requests a preliminary injunction against Defendant, requiring Defendant to cease providing non-kosher eggs in his kosher diet. Dkt. 17, p. 10. Plaintiff appears to argue the lack of kosher eggs is both an infringement of his religious liberties and a violation of his Eighth Amendment right to receive adequate nutrition. Dkt. 17. However, Defendant has provided evidence the kosher diet consists not only of eggs, but of numerous other foods including fruits and vegetables, dairy, meat, and grain products. Dkt. 22, p. 2. Even if Plaintiff is being served non-kosher eggs and declines to eat them, he is not otherwise being deprived of his religious liberty. *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 814 (8th Cir. 2008) (even "[r]equiring [the plaintiff] to purchase commissary meals does not significantly inhibit, meaningfully curtail, or deny [him] a reasonable opportunity to practice his religion."). Further, because he has numerous other kosher foods to choose from, the Court does not find he is being forced to choose between a religious diet and an adequately nutritious diet. *See Nelson v. Miller*, 570 F.3d 868, 869 (7th Cir. 2009) (finding a prisoner's religious dietary practice is burdened "when the prison forces him to choose between his religious practice and adequate nutrition").

The Court finds Plaintiff has not shown the deprivation of one item of food, when numerous other items are available, constitutes irreparable harm because he has not shown why it is unlikely some other legal remedy later in the court of litigation would make him whole again. *Edge Games, Inc.*, 745 F. Supp. 2d at 1117. Therefore, Plaintiff has failed to show he will suffer an irreparable harm absent preliminary relief. Because Plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' *Winter,* 129 S.Ct. at 374, we need not address the . . . remaining elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011); *see also Jumbo Bright Trading Ltd. v. Gap, Inc.*, 2012 WL 5289784, at *1 (C.D. Cal. Oct. 25, 2012) (internal quotations omitted) ("If a plaintiff fails to clearly show that it is likely to suffer immediate and irreparable harm absent a TRO, a court need not consider the other three factors."). Accordingly, the Court recommends Plaintiff's Motion for Preliminary Injunction (Dkt. 17) be denied.

B. <u>Motion for Summary Judgment</u>

On October 5, 2018, the court granted Plaintiff's Motion to Amend and directed the Clerk to file Plaintiff's Amended Complaint. Dkt. 30. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Defendant's Motion for Summary Judgment attacks the original Complaint, which is now "non-existent."

Accordingly, the undersigned recommends Defendant's Motion for Summary Judgment (Dkt. 12) be denied as moot, but Defendant be allowed to re-file a dispositive motion based on the allegations contained in the Amended Complaint. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an

amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

### III.  Conclusion

For the reasons stated above, the Court recommends Plaintiff's Motion for Preliminary Injunction (Dkt. 17) be denied without prejudice, and Defendant's Motion for Summary Judgment (Dkt. 12) be denied as moot with leave to refile.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 26, 2018, as noted in the caption.

Dated this 5th day of October, 2018.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge