UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURLIN PENNICK III,

        Plaintiff,

v.

BARRY DEHAVEN,

        Defendant.

CASE NO. 3:18-cv-05434-BHS-DWC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court is Plaintiff's Motion to Amend (Dkt. 43), Plaintiff's Motion to Reopen Discovery (Dkt. 45), Defendants' Second Motion for Summary Judgment (Dkt. 50), and Plaintiff's Rule 56(d) Motion for Continuance, included within his Motion for Preliminary Injunction (Dkt. 57-1, pp. 8-10).[1]

---

[1] The Court notes Plaintiff's Motion for Preliminary Injunction (Dkt. 57) is also pending before the Court. The Court will make a determination as to the Motion for Preliminary Injunction in a separate Report and Recommendation.

ORDER - 1

## I. Motion to Amend

Plaintiff has filed a Motion to Amend, requesting leave to file an amended complaint to raise a retaliation claim stemming from alleged retaliation for filing the current § 1983 action and included a proposed amended complaint. Dkt. 43. He then submitted a revised amended complaint (Dkt. 62, pp. 7-15) and filed a "Praecipe to Attach Corrected Page 6" to the revised amended complaint (Dkt. 63-1). The Court will refer to the revised amended complaint and the "Corrected Page 6" collectively as the "Proposed Second Amended Complaint."

Because the Proposed Second Amended Complaint only adds additional factual allegations, and because Defendant has already filed opposition to Plaintiff's Motion to Amend (Dkt. 48), the Court finds additional briefing regarding the Proposed Second Amended Complaint is not necessary. The Court will therefore make a determination on Plaintiff's Motion to Amend (Dkt. 43) as to the Proposed Second Amended Complaint.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure:

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Because, here, the time has expired for filing an amendment as a matter of course, Plaintiff cannot amend pursuant to Rule 15(a)(1). *See* Dkt. 43. Further, Defendant opposes allowing Plaintiff to file a Proposed Second Amended Complaint. *See* Dkt. 48. Thus, to file the Proposed Second Amended Complaint, Plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, Plaintiff requests leave to amend his complaint to include allegations that Defendant is retaliating against him by having him transferred to another facility for filing this law suit and engaging in protected religious conduct. Dkt. 43. Defendant opposes Plaintiff's Motion to Amend because he argues amendment would be futile because Plaintiff cannot make the showing for a retaliation claim on the record before the Court. Dkt. 48, pp. 2-5. "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). However, the standard for determining whether an amendment would futile is not an examination of the record to determine whether Plaintiff can adequately support his factual allegations. Rather, an amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation and internal quotation marks omitted).

Here, Plaintiff alleges Defendant DeHaven contacted Department of Corrections headquarters "regarding [Plaintiff's] religious preference." Dkt. 62, p. 11 at ¶ 17. Subsequently, Non-Party Bohon "received information from headquarters which requests [Plaintiff's] transfer to Monroe Corrections Complex." *Id*. Plaintiff alleges Defendant DeHaven's contact with

headquarters and his urging that Plaintiff be transferred was not based on some penological goal, but instead was in retaliation for "exercising a right to file civil rights complaint [sic]." Dkt. 62, p. 13, at ¶ 27. He argues "Defendant DeHaven has implemented a custom or policy of transferring inmates who complain of the deficiencies in their religious diets, and that the policy of transferring Plaintiff for his 'religious preference' is so deficient that the policy itself is repudiation of First Amendment rights [sic], and is the moving force of the constitutional violation." *Id*. at ¶ 32.

The Court finds, taking Plaintiff's pleadings as true, there is a set of facts that could be proved and show Plaintiff suffered a constitutional violation if he was transferred to a new facility based on retaliatory motive. *See Schroeder v. McDonald*, 55 F.3d 454, 460-61 (9th Cir. 1995) (explaining allegations that a prisoner was transferred because of a retaliatory motive constitutes a claim of unconstitutional retaliation). The Court "ordinarily do[es] not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and instead defer[s] consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed." *In re Packaged Seafood Products Antitrust Litigation*, 338 F. Supp. 3d 1079, 1106-07 (S.D. Cal. Sept. 5, 2018). Thus, taking Plaintiff's allegations as true, the Court finds Plaintiff's proposed amendment to add a retaliation claim is not futile and Plaintiff should be granted leave to amend.

Defendant also argues Plaintiff has failed to exhaust his administrative remedies as to his retaliation claim, and so, again, amendment would be futile. Dkt. 48. Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204 (2007). The Court may only find amendment to be futile based on a failure to exhaust if the failure to exhaust is plain on the face of the complaint. *See Hicks v. Arya*, 2017 WL 3614301, at

*4 (E.D. Cal. Aug. 23, 2017) (citing *Albino v. Baca*, 747F.3d 1162 (9th Cir.)) (noting failure to exhaust is generally not properly raised in opposition to a motion to amend). Thus, an argument a prisoner has failed to exhaust administrative remedies is properly brought in a motion for summary judgment, rather than in opposition to a motion to amend. *Albino*, 747 F.3d at 1166.

Here, it is not plain on its face of the Proposed Second Amended Complaint that Plaintiff has failed to exhaust his retaliation claim. Defendant argues the decision to transfer Plaintiff was issued on January 14, 2019. Dkt. 48, p. 7. Given that Plaintiff filed his Motion to Amend on January 15, 2019, Defendant argues it would have been impossible for Plaintiff to exhaust his administrative remedies in that timeframe. *Id.*[2] However, Plaintiff has affirmatively asserted he exhausted his administrative remedies in his Proposed Second Amended Complaint. Dkt. 62, p. 12 at ¶ 21; Dkt. 63-1, ¶ 21. In addition, documents that comprise the Proposed Second Amended Complaint were filed on February 25, 2019, and February 28, 2019, more than a month after Plaintiff learned about the transfer. Dkt. 62; Dkt. 63-1. Thus, the Court finds it is not plain from the face of the pleading that Plaintiff failed to exhaust his administrative remedies, and it is more appropriate for Defendants to raise that argument as an affirmative defense in a dispositive motion. *See Espinosa v. Bannister*, 2016 WL 11449082, at *5 (D. Nev. March 7, 2016) *report and recommendation declined to adopt in part on other grounds* 2016 WL 3633439 (noting exhaustion is properly brought in a motion for summary judgment where failure to exhaust is not plain from the face of the complaint).

---

[2] The Court notes Defendant also states Plaintiff did not include an explicit timeline in the proposed amended complaint included with his Motion to Amend. Dkt. 48, p. 7. However, Plaintiff has included a timeline in his Proposed Second Amended Complaint, confirming Defendant's assertion the transfer order was issued on January 14, 2019 by indicating Plaintiff learned about the transfer on that date. Dkt. 62, p. 11 at ¶ 16.

Defendant has not otherwise argued and the record does not show how Plaintiff's request was done in bad faith, or how granting leave to amend would lead to undue delay or prejudice to Defendant. *See* Dkt. 48 (arguing only that amendment would be futile). Therefore, Defendant has not shown amendment would be futile or that it is plain Plaintiff failed to exhaust his administrative remedies on the face of his Proposed Second Amended Complaint. Accordingly, Plaintiff's Motion to Amend (Dkt. 43) is granted.

**II.     Motion to Reopen Discovery**

Plaintiff has also filed a request to reopen discovery for 120 days. Dkt. 45. Pursuant to Federal Rules of Civil Procedure 6(b) and 16(b), the Court may extend a deadline for good cause. Here, Plaintiff states he filed a Rule 56(d) Motion for Continuance, including a set of interrogatories, on August 24, 2018. Dkt. 46. Plaintiff states "[Defendant] has failed to comply with this discovery request," despite the Court's pretrial scheduling order indicating discovery shall be completed by January 18, 2019. Dkt. 46, p. 2.

The Court finds that, in all likelihood, Defendant did not respond to the interrogatories because Plaintiff filed them with the Court, rather than sending them directly to Defendant's counsel. Nonetheless, Plaintiff's request to extend the discovery deadline is based solely on Defendant's alleged failure to respond to Plaintiff's interrogatories.

The Court finds no error in Defendant not responding to the interrogatories Plaintiff filed with the Court. Pursuant to the federal civil rules, interrogatories are to be served on the party itself, not filed with the Court. Fed. R. Civ. P. 33(a). Indeed, the local rules specifically state the parties should not serve discovery requests through the Court. *See* LCR 5 ("discovery requests and responses must not be filed until they are used in the proceedings or the court orders filing"). Nonetheless, in the interests of justice, because Plaintiff is a *pro se* prisoner, and to ensure the

expeditious resolution of this case, Plaintiff's Motion to Extend Discovery is granted in part as follows:

Defendant is directed to submit responses and/or objections to Plaintiff's interrogatories identified in his Motion to Reopen Discovery, namely the interrogatories located at Dkt. 15-1 and to serve those objections and/or responses to Plaintiff on or before April 5, 2019.

**III.     Motion for Summary Judgment**

Defendant's Second Motion for Summary Judgment is also pending before the Court, addressing Plaintiff's Amended Complaint. Dkt. 50. The Court has now granted Plaintiff's Motion to Amend. *See* section I *supra*. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Defendant's Motion challenges the Amended Complaint, which is now "non-existent." Dkt. 50. In addition, the Proposed Second Amended Complaint contains a new retaliation allegation that is not addressed in Defendant's Motion. Dkt. 50; 62, pp. 7-15.

Therefore, Defendant's Motion addresses a complaint the Court treats as non-existent. Accordingly, Defendant's Motion (Dkt. 50) is denied as moot. However, Defendant may re-file a dispositive motion based on the allegations contained in the Proposed Second Amended Complaint. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint);

*Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

### IV. Rule 56(d) Motion for Continuance

Plaintiff has included a Rule 56(d) Motion for Continuance in his Motion for Preliminary Injunction. Dkt. 57-1, pp. 8-10. However, that Motion for Continuance requests the same discovery materials as Plaintiff's Motion to Reopen Discovery, namely responses to several interrogatories located at Dkt. 15-1; Dkt. 57-1, pp. 8-10. The Court has already directed Defendants to respond to those interrogatories. In addition, the Court has denied Defendant's Second Motion for Summary Judgment as moot, and so there is no need for a continuance to procure additional discovery. *See Williams v. Nevada*, 2017 WL 6509329, at *5 (D. Nev. Dec. 19, 2017) (denying Rule 56(d) motion as moot after denying motion for summary judgment); *Aviation West Charters v. Golden Rule Insurance Company*, 2016 WL 9504250, at *1 (D. Ariz. Sept. 29, 2016) (denying Rule 56(d) motion for the same reasons). Therefore, Plaintiff's Rule 56(d) Motion for Continuance (Dkt. 57-1, pp. 8-10) is denied as moot.

### V. Conclusion and Instructions to the Clerk and the Parties

1) Plaintiff's Motion to Amend (Dkt. 43) is granted. The Clerk is directed to docket the revised amended complaint (Dkt. 62, pp. 7-15), substituting page 6 of the revised amended complaint (Dkt. 62, p. 12) with the corrected page 6 included with Plaintiff's Praecipe (Dkt. 63-1), as Plaintiff's Second Amended Complaint.

2) Plaintiff's Motion to Reopen Discovery (Dkt. 45) is granted in part as follows:

    a. Defendants are directed to respond to the interrogatories Plaintiff has identified in his Motion to Reopen Discovery, namely the interrogatories located at Dkt. 15-1. Defendants must serve their responses to those interrogatories on Plaintiff by April 5, 2019. Additional discovery is limited only to those interrogatories.

    b. The Court hereby amends its pretrial scheduling order. The deadline to file dispositive motions is now May 21, 2019. All other portions of the pretrial scheduling order remain in full force and effect.

3) Defendant's Second Motion for Summary Judgment (Dkt. 50) is denied as moot.

4) Defendant's Rule 56(d) Motion for Continuance, included in his Motion for Preliminary Injunction (Dkt. 57-1, pp. 8-10), is denied as moot.

Dated this 7th day of March, 2019.

David W. Christel
United States Magistrate Judge