UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURLIN PENNICK III,

               Plaintiff,

   v.

BARRY DEHAVEN,

               Defendant.

CASE NO. 3:18-CV-05434-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: March 22, 2019

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Curlin Pennick III, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on October 26, 2017. Dkt. 1.

      Plaintiff has filed a Motion for Preliminary Injunction ("Motion") (Dkt. 57), requesting the Court enjoin Plaintiff's only named Defendant from transferring Plaintiff to a different facility. However, Defendant has provided evidence, which Plaintiff has not rebutted, showing Defendant does not have the authority to either transfer Plaintiff or prevent Plaintiff from being transferred. Therefore, Defendant does not have the authority to provide Plaintiff the relief he

requests. Plaintiff has also not shown he is likely to suffer irreparable harm in the absence of preliminary relief. Accordingly, the Court recommends Plaintiff's Motion (Dkt. 57) be denied.

## I. Background

Plaintiff has only named one Defendant in this action. *See* Dkt. 31, 65. He primarily argues Defendant has failed to provide Plaintiff with kosher eggs. Dkt. 65. In his Second Amended Complaint, Plaintiff has now alleged Defendant also retaliated against Plaintiff for filing this lawsuit and exercising his religious freedoms by attempting to transfer Plaintiff to a different facility, Monroe Correctional Complex ("MCC"). *Id*. Plaintiff requests Defendant be enjoined from doing so. Dkt. 57.

## II. Discussion

Plaintiff requests the Court enjoin Defendant from transferring Plaintiff to a different facility. Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Counsil, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a

preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Here, Plaintiff has not shown he is entitled to a preliminary injunction. First, Plaintiff has not shown he is likely to succeed on the merits. Plaintiff states "Defendant DeHaven's request to transfer [Plaintiff] to another prison facility is based on [Plaintiff's] protected conduct of filing this civil rights litigation, which has chilled his First Amendment rights." Dkt. 57, p. 2. He requests the Court "grant the preliminary injunction, ordering Defendant DeHaven, his agents[,] and sub-agents, to maintain [Plaintiff's] assignment at Stafford Creek pending disposition of the civil litigation." *Id*. at p. 11. In Plaintiff's Reply, Plaintiff argues Defendant DeHaven contacted the Department of Corrections ("DOC") headquarters and requested Plaintiff be transferred for retaliatory reasons, and states "[Defendant's] integral role in issuing the challenged decision [to transfer Plaintiff] indicates that, in his official capacity, he would have the authority to implement [Plaintiff's] requested relief, and is therefore a proper defendant in this action in his official capacity." Dkt. 62, p. 3.

However, Defendant has produced evidence that he is a food services manager at Stafford Creek Corrections Center ("SCCC"), and does not have the authority to dictate where a prisoner is housed. *See* Dkt. 49, Bohon Decl., ¶ 9. Further, Defendant has provided evidence the decision to transfer Plaintiff has been made by Non-Parties at DOC headquarters, rather than Defendant. *See* Dkt. 49, Bohon Decl., ¶¶ 5-9; Dkt. 49-1, p. 10 (note in the DOC's OMNI system noting headquarters requested Plaintiff be transferred and indicating that was the decision of the committee reviewing Plaintiff's planned transfer). In addition, Defendant has provided evidence

1   he was out of the country on leave when the decision to transfer Plaintiff was made. Dkt. 49,
2   Bohon Decl., ¶ 10.
3         Thus, Plaintiff's only named Defendant is a person who lacks the authority to provide the
4   relief Plaintiff seeks in his Motion, and the Plaintiff's evidence has not shown Defendant had a
5   part in the decision to transfer Plaintiff. As such, Plaintiff's Motion is defective because, even if
6   the Court granted the motion, the Court would not be able to enforce the injunction against
7   Defendant. *See Linthecome v. Alfaro*, 2015 WL 1529525, at *8 (E.D. Cal. April 2, 2015)
8   ("[T]here is no indication that any of the named Defendants have any influence over the policies
9   and practices regarding where Plaintiff is detained," and so the court lacked authority to prohibit
10  Plaintiff's transfer between facilities); *Hollis v. Harrington*, 2009 WL 4071888, at *5 (C.D. Cal.
11  April 27, 2009), *report and recommendation adopted* 2009 WL 4250765 ("[P]laintiff's motion is
12  defective because he seeks preliminary injunctive relief only against a defendant who lacks
13  authority to provide any of the relief he seeks").
14        Second, Plaintiff has not shown he would suffer irreparable harm without the preliminary
15  injunction. In his Motion, Plaintiff states he was formerly at MCC, and while there was targeted
16  by members of the gang MS-13. Dkt. 57, p. 3. He states he has "endured multiple assaults over
17  an extended period of time," and he only reported two assaults "for fear of segregation from the
18  main population." *Id*. at p. 8. He also states he notified his classification counselor about the
19  assaults and his fear that they would resume if he was transferred, but she "stated that she would
20  recommend the transfer despite the threat of future harm." *Id*. at p. 3. Plaintiff ultimately states
21  "he will be subjected to assault by MS-13 gang members if transferred back to MCC." *Id*. at p. 9.
22        However, Plaintiff has not provided anything to indicate the threat of assault is more than
23  speculative. Plaintiff states he told his classification counselor he had been assaulted in the past
24

REPORT AND RECOMMENDATION - 4

and that he feared additional assaults if moved to MCC. Yet the evidence submitted by Defendant indicates Plaintiff did not raise this concern at his classification review hearing, where he was provided the opportunity to voice any concerns he had with his transfer to MCC. Dkt. 59, Barr Decl., ¶ 9. The evidence also indicates, rather than voicing concerns about potential future assaults at the hearing, Plaintiff was abusive towards staff and called them names. *See* Dkt. 59-2, p. 5. Defendant has also provided evidence Non-Party Bohon conducted a search to discover whether Plaintiff would have any issues at MCC, and found nothing indicating Plaintiff had ever reported harassment, threat, or assault while he was previously at MCC. Dkt. 49, Bohon Decl., ¶ 8.[1] Plaintiff has thus only provided speculation he would be subject to assault, and the record indicates Plaintiff has no history of being assaulted or threatened while in prison. Plaintiff has thus failed to show he would suffer irreparable harm without a preliminary injunction. *See*, *e.g.*, *Morton v. Johanson*, 2017 WL 712918, at *4 (W.D. Wash. Jan. 24, 2017) *report and recommendation adopted* 2017 WL 698800 (noting speculation as to irreparable harm does not entitle a prisoner to a preliminary injunction); *Manning v. Bunnell*, 2015 WL 2358593, at *8 (E.D. Cal. May 15, 2015) *report and recommendation adopted* 2015 WL 4602865 ("Though plaintiff makes troubling allegations against [Defendant], they are supported by little more than speculation and inadmissible hearsay. Moreover, there is no evidence that plaintiff has suffered or is likely to suffer irreparable harm"); *Johnson v. Alvarez*, 2012 WL 398443, at *7 (D. Nev. Feb. 7, 2012) (finding evidence of past harm without more than speculation regarding harm in the future is insufficient to warrant a preliminary injunction).

---

[1] In contrast, Plaintiff alleges he reported two assaults while he was at MCC, though Plaintiff's statement is the only evidence on the record supporting that assertion. Dkt. 57, p. 8.

REPORT AND RECOMMENDATION - 5

1    Therefore, the Court finds Plaintiff's only named Defendant could not provide the relief

2 Plaintiff requests, and so Plaintiff is unlikely to succeed on the merits of his claim. The Court

3 further finds Plaintiff has failed to show he would suffer irreparable harm if the Court declines to

4 grant a preliminary injunctions. Accordingly, the Court recommends Plaintiff's Motion (Dkt. 47)

5 be denied.

6   **III.   Conclusion**

7    Based on the foregoing, the Court concludes Plaintiff is not entitled to a preliminary

8 injunction. Accordingly, the Court recommends Plaintiff's Motion for Preliminary Injunction

9 (Dkt. 57) be denied.

10    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

12 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

13 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

14 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

15 March 22, 2019, as noted in the caption.

17    Dated this 7th day of March, 2019.

                                                David W. Christel
                                                United States Magistrate Judge