UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURLIN PENNICK III,

        Plaintiff,

v.

BARRY DEHVEN,

        Defendant.

CASE NO. 3:18-cv-05434-BHS-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Curlin Pennick III to United States Magistrate Judge David W. Christel. Presently before the Court are Plaintiff's "Motion to Compel, FRCP 37 and FRCP 56(d)" (hereinafter "Motion to Compel and Request for Extension") (Dkt. 78) and Motion for Leave to File Third Amended Complaint (hereinafter "Motion to Amend") (Dkt. 79). Also pending is Defendant's Third Motion for Summary Judgment. Dkt. 71.

The Court concludes allowing Plaintiff to file a third amended complaint will cause undue delay and prejudice, and therefore the Motion to Amend (Dkt. 79) is denied. The Court denies in part and grants in part Plaintiff's Motion to Compel and Request for Extension (Dkt. 78). The Court denies Plaintiff's request to order Defendant to fully answer two interrogatories because Plaintiff has failed to meet and confer and Defendant has already responded to the discovery requests. However, the Court grants Plaintiff's request for an extension and provides

Plaintiff with an extension of time to file a response to Defendant's Third Motion for Summary Judgment (Dkt. 71). Plaintiff's response to Defendant's Third Motion for Summary Judgment is due on or before June 21, 2019. Defendant's reply is due on or before June 28, 2019 and Defendant's Third Motion for Summary Judgment (Dkt. 71) is re-noted for June 28, 2019.

**I.     Background**

In the Second Amended Complaint, Plaintiff alleges his constitutional rights were violated when he was deprived of a kosher diet when Defendant failed to provide kosher eggs. Dkt. 65. Plaintiff contends high fructose corn syrup in the kosher diet caused him to suffer "gastrointestinal maladies." Dkt. 65 at 4-7. Plaintiff alleges he was forced to choose between eating non-kosher eggs and going hungry. *Id.* He also contends he was transferred in retaliation for filing his civil rights complaint. *Id*. at 5, 8. In the Motion to Amend, Plaintiff seeks to eliminate the retaliation and high fructose corn syrup claim and modify his kosher egg claim. Dkts. 79, 79-1.

Plaintiff initiated this lawsuit in April 2018. Dkt. 1. On August 14, 2018, the Court entered a Pretrial Scheduling Order, setting a discovery deadline and a dispositive motion deadline. Dkt. 11. After the Court granted an extension of time, the discovery period ended on April 5, 2019[1] and dispositive motions were due on or before May 21, 2019. Dkts. 11, 64.

On August 15, 2018, Defendant moved for summary judgment. Dkt. 12. Plaintiff moved to amend his complaint to add claims, which the Court granted, and denied Defendant's First Motion for Summary Judgment as moot. Dkts. 30, 31, 32. On January 15, 2019, Plaintiff again moved to amend his complaint, which the Court granted. Dkts. 43, 64, 65. On January 24, 2019, Defendant

---

[1] The Court granted Plaintiff's Motion to Reopen Discovery, but limited discovery to the interrogatories identified in Plaintiff's Motion to Reopen Discovery. Dkts. 15-1, 64.

again moved for summary judgment, which the Court denied as moot based on the filing of Plaintiff's Second Amended Complaint. Dkts. 50, 64, 65.

On April 9, 2019, Defendant filed a Third Motion for Summary Judgment. Dkt. 71. In response, Plaintiff filed the Motion to Compel and Request for Extension (Dkt. 78) and Motion to Amend (Dkt. 79) on May 1, 2019. Dkt. 79. Defendant responded requesting the Court deny the Motion to Compel and Request for Extension (Dkt. 78) and Motion to Amend (Dkt. 79). Dkts. 81, 84. Plaintiff replied. Dkts. 83, 85.

**II.     Motion to Amend**

Plaintiff seeks leave to amend his complaint a third time. Dkts. 79, 79-1 (proposed Third Amended Complaint). In the alternative, Plaintiff seeks a continuance under Federal Rule of Civil Procedure 56(d) based on his Motion to Compel and Request for Extension (Dkt. 78).[2] Dkt. 79.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

As Plaintiff has already filed two amended complaints and the time has expired for filing an amendment as a matter of course, Plaintiff cannot amend pursuant to Rule 15(a)(1). *See* Dkts.

---

[2] The Court will address Plaintiff's request for a continuance with respect to his Motion to Compel and Request for Extension (Dkt. 78) in Section II, *supra.*

ORDER - 3

31, 65. Further, Defendant has not provided written consent allowing Plaintiff to amend. *See* Dkt. 84. Thus, to amend his complaint a third time, Plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). Plaintiff's Motion to Amend causes both undue delay and prejudice.

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). The Ninth Circuit has noted "late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). "Courts have [also] found undue delay weighing against granting leave to amend where a motion for leave to amend is filed near or after the close of discovery." *Ewing v. Megrdle*, 2015 WL 1519088, *4 (C.D. Cal. March 26, 2015) (summarizing Ninth Circuit cases affirming denials of motions to amend due to undue delay when the motions were filed near or after the close of discovery).

In the memorandum filed with the Motion to Amend, Plaintiff states he seeks leave to amend his Second Amended Complaint because he recently discovered Defendant supplemented non-kosher eggs for kosher certified eggs in the prison's kosher diet plan. Dkt. 80 at 1. Plaintiff's

proposed Third Amended Complaint also seeks to withdraw his retaliation claim and his claim of high fructose corn syrup in the foods served as part of the kosher diet. *See* Dkt. 79-1 at 4-5. In his Reply, Plaintiff argues in a conclusory manner he was not aware of the claims in his proposed Third Amended Complaint until after he filed his Second Amended Complaint. Dkt. 85 at 4. Plaintiff also acknowledges the changes are "not substantial." Dkt. 85 at 1.

Aside from abandoning his retaliation and high fructose corn syrup claims, the remainder of Plaintiff's claims in the proposed Third Amended Complaint are the same as his Second Amended Complaint. Plaintiff alleges the kosher diet plan switched from kosher certified eggs to un-kosher eggs and the uncertified eggs are prepared and served in a non-certified standard prison kitchen, which eliminates the kosher status. *Compare* Dkt. 79-1 at 4-5 (proposed Third Amended Complaint) *with* Dkt. 65 at 2-3 (Second Amended Complaint). The only difference is Plaintiff's proposed Third Amended Complaint concedes eggs are "naturally" kosher, which Defendant does not dispute. *Compare* Dkt. 79-1 at 4 *with* Dkt. 65 at 3-4; *See also* Dkts. 53 (Amended Declaration of Barry DeHaven), 71. Therefore, the claims in Plaintiff's proposed Third Amended Complaint related to kosher eggs are already before the Court and at the time of filing his Original Complaint, First Amended Complaint, and Second Amended Complaint, Plaintiff was or should have been aware of the facts surrounding the allegations contained in his Motion to Amend. Plaintiff's explanation that during discovery he became aware Defendant supplemented non-kosher eggs in place of kosher certified eggs is unavailing and does not demonstrate why he now seeks to withdraw his retaliation and high fructose corn syrup claims and re-assert the same allegations he made over a year ago. *See* Dkts. 65, 79, 79-1, 80, 85.

Moreover, Plaintiff's Motion to Amend was not filed until one month after the close of discovery. *See* Dkts. 64, 79. When a plaintiff requests leave to amend after discovery has closed

and a motion for summary judgment is pending, the timing of the motion "weighs heavily against allowing leave." *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991) *abrogated on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001); *M/V American Queen v. San Diego Marine Constr. Corp.,* 708 F.2d 1483, 1492 (9th Cir. 1983) (A motion for leave to amend is not a vehicle to circumvent summary judgment.). Accordingly, allowing Plaintiff to amend his complaint a third time would cause undue delay.

Second, allowing Plaintiff to amend his Second Amended Complaint will prejudice the opposing party. Defendant would be required to file a new answer and a fourth motion for summary judgment. *See Jackson*, 902 F.2d at 1387; *Acri*, 781 F.2d at 1398-99 (affirming denial of leave to amend and holding the district court did not abuse its discretion in concluding allowing an amendment would prejudice the defendant because of the necessity for further discovery); *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (cited by *Jackson*, 902 F.2d at 1387). Notably, Plaintiff would not be prejudiced by a denial of his Motion to Amend. As discussed above, the claims presented in the proposed Third Amended Complaint are also included in the Second Amended Complaint, which is currently the operative complaint in this case. *Compare* Dkt. 65 *with* Dkt. 79-1.

Allowing Plaintiff to amend the Second Amended Complaint will cause undue delay and prejudice to Defendant; therefore, Plaintiff's Motion to Amend (Dkt. 79) is denied. If Plaintiff wishes to withdraw claims against Defendant, he may do so in his response to Defendant's Third Motion for Summary Judgment or in a separately filed motion for voluntary dismissal.

### III. Motion to Compel and Request for Extension (Dkt. 78)

Plaintiff asks this Court to order Defendant to fully answer two interrogatories.[3] Dkt. 78.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* Dkt. 11 at 2.

Here, Plaintiff submitted a "certification" he had in good faith conferred or attempted to confer with Defendant. Dkt. 78-1 at 20. However, according to the declaration of Defendant's counsel, Plaintiff has not made any attempt to schedule a telephone conference. Dkt. 82 at 2 (Declaration of Michelle Young). While Plaintiff sent a letter to Defendant stating Defendant had answered the incorrect interrogatories and requesting hard copies of documents, Plaintiff did not attempt to confer in person or by telephone with Defendant's counsel regarding any dispute. *See* Dkt. 82 at Ex. B. Local Rule 37(c)(6) ("'Meet and confer' means a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement."). Therefore, the Court concludes Plaintiff has not complied with Rule 37.

Furthermore, Defendant filed a Response to the Motion to Compel stating he provided a response to Plaintiff's discovery requests. *See* Dkts. 78-1 at 4-13 (discovery responses), 81, 82. In the March 7, 2019 Order, the Court ordered Defendant to respond to the interrogatories

---

[3] In his Motion to Compel, Plaintiff argued Defendant did not provide the "requested Departmental policy that [Defendant] relies on for preparing unkosher eggs in a standard-prison kitchen, and serving the unkosher eggs in the kosher diet plan." Dkt. 78 at 3. Plaintiff also argued Defendant responded to the incorrect set of interrogatories. Dkt. 78. In his Reply, Plaintiff concedes Defendant has provided the requested departmental policy document, which is in fact the Department Kosher Meal Program guidelines. Dkt. 83 at 1-2. Plaintiff also appears to concede Defendant responded to the correct interrogatories, but argues the responses are deficient. Dkt. 83.

attached to Plaintiff's Motion to Reopen Discovery. Dkts. 15-1 (Interrogatories), 64 at 7 (Order). Defendant states he has answered the interrogatories to the best of his knowledge. Dkts. 78-1 at 4-13, 81. When Plaintiff expressed his dissatisfaction with Defendant's response, Defendant's counsel sent a letter to Plaintiff explaining Defendant had responded to the interrogatories ordered by the Court and provided the responsive documents to Plaintiff. Dkt. 82 at 2. Plaintiff's dissatisfaction with Defendant's response does not indicate Defendant failed to fully and completely respond to all discovery requests. Therefore, the evidence shows Defendant has responded to Plaintiff's discovery request as ordered by the Court. *See* Dkts. 15-1, 64, 78-1 at 4-13, 81, 82.

As Plaintiff has not complied with Rule 37 and as evidence shows Defendant responded to the discovery request, the Motion to Compel and Request for Extension (Dkt. 78) is denied in part as to Plaintiff's request for an Order compelling Defendant to respond to two interrogatories.

Plaintiff also requests an extension to respond to Defendant's Third Summary Judgment Motion.[4] *See* Dkt. 78. Plaintiff states he is seeking answers to his outstanding discovery requests. Dkt. 78. Defendant did not directly respond to Plaintiff's request for an extension of time. *See* Dkt. 81.

In light of the fact Plaintiff's Motion to Amend (Dkt. 79) has been denied and after reviewing the relevant record, the Court finds an extension of time to respond to Defendant's Third Motion for Summary Judgment is warranted. Therefore, the Court grants in part Plaintiff's

---

[4] Plaintiff styles this request as a continuance pursuant to Federal Rule of Civil Procedure 56(d), however, Plaintiff does not seek a continuance of Defendant's Third Motion for Summary Judgment, rather, the Court interprets the Motion as a request for the Court extend the time for filing a response to Defendant's Third Motion for Summary Judgment. Dkts. 78 at 5. Therefore, the Court finds it is not necessary to consider Plaintiff's request pursuant to the requirements of Rule 56(d). In his Reply to Defendant's Response to the Motion to Compel and Request for Extension, Plaintiff again requests a "continuance." Dkt. 83.

Motion to Compel and Request for an Extension (Dkt. 78) to the extent Plaintiff seeks an extension to respond to Defendant's Third Motion for Summary Judgment (Dkt. 71). Plaintiff shall have until June 21, 2019 to file a response to Defendant's Third Motion for Summary Judgment. Defendant's reply to Plaintiff's response shall be filed on or before June 28, 2019.

The Clerk is directed to re-note Defendant's Motion for Summary Judgment (Dkt. 71) for June 28, 2019.

Dated this 22nd day of May, 2019.

*[signature]*

David W. Christel
United States Magistrate Judge